## Lansdowne Borough to use *v.* Hartel, Appellant.

*Municipal lien—Rule to strike off—Demurrer—Judgment for want of an affidavit of defense.*

1. Where the court on discharging a rule to strike off a municipal lien allows the defendant time within which to file an affidavit of defense, and the defendant instead of doing so files a demurrer, and while this is pending plaintiff enters judgment for want of an affidavit of defense which judgment the court subsequently vacates and at the same time overrules the demurrer, the plaintiff may enter judgment two days thereafter for want of an affidavit of defense, in the absence of any allowance by the court of further time to file an affidavit of defense, or application by the defendant for such allowance.

*Municipal liens—Work done in front of property—"Completion"—Act of June 4, 1901, P. L. 364.*

2. An averment in a municipal claim that a curbstone and block were set in front of a particular property on specified dates, is a sufficient averment that the work was done and completed on the dates specified, although the word "completion" is not used in the claim.   If the claim is filed within six months from the dates specified it will be good.

. Argued Nov. 20, 1911.   Appeal, No. 284, Oct. T., 1910,

by defendant, from order of C. P. Delaware Co., Dec. T., 1908, No. 854, overruling demurrer, discharging rule to strike off lien, and allowing judgment to be entered for want of an affidavit of defense in case of Lansdowne Borough to use of A. P. and H. L. Benner v. Eliza C. Hartel. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Rule to strike off lien.
Rule to strike off judgment.
Demurrer to scire facias.

On the rule to strike off, BROOMALL, J., filed the following opinion:

The borough of Lansdowne filed a municipal lien to the use of A. P. and H. L. Benner, to the above number and term in this court, against Eliza C. Hartel, owner of a property situate in the borough of Lansdowne, particularly described.

The claim, as stated in the lien, is "for work done and materials furnished within six months last past, in furnishing and constructing curb and gutter on Lansdowne avenue in front of said lot of ground and premises as per bill and statement following:

"September 10th, 1908.

1908.

| | | |
|---|---|---|
| Sep. 9th. To 16.80 lineal feet of 5"x20" curved blue stone curb, furnished and set at $1.08, . . . . . . . . . . . . . . . . . . . . . . . | | $18.15 |
| July 31st. To 141.65 lineal feet of 5"x20" blue stone curb furnished and set at 59½ cents, . . . . . . . . . . . . . . . . . . . . . . . . | | 84.28 |
| | Amount forward, | $102.43 |
| | Amount brought forward, ˳ | $102.43 |
| Sep. 18th. To 178.60 lineal feet of vitrified block gutter furnished and laid at 59c. | | 105.38 |
| | | $207.81" |

The lien further states the authority for doing the said work to be certain ordinances of the borough council referred to, and that the work was done by the use plaintiffs under a contract made May 1, 1908, after notice to the owner, and then follows in the words of the lien "and thereupon the said A. P. & H. L. Benner did furnish and construct the curb and gutter in front of said property as fully set out in the bill of items."

Objection is now taken by the owner to this lien for the following reasons:

1. The omission of any averment of the date when the said work was completed.

2. The omission of any allegation, when or by whom the amount claimed was assessed against said premises.

3. The omission of a copy of the contract between the borough and the use plaintiffs.

The second and third objections to the form of the lien are easily disposed of. The lien is not for an assessment. The liability of the property of the defendant is not for an assessment; it is for the cost of the street work opposite her property. The lien states that the work was done under the authority of the borough officers by ordinance. The second objection is without weight.

The law does not require a copy of the contract between the borough and the use plaintiffs to be inserted in the lien, and therefore there is no substance in the third objection.

The first objection requires more serious attention. The lien does not in so many words state the date of the completion of the work. This has given occasion for this motion. It evidently was not wise for the plaintiffs to omit a literal compliance with the statute which requires the lien to set forth the date on which the work was completed. To experiment with words which are now alleged to be tantamount thereto is dangerous. This lien avers certain dates when curbstones and vitrified block were furnished and set. The statute requires the lien to set forth the date when the work was completed. Has the

statutory requirement been complied with?   This is the narrow question upon which the fate of this lien hangs. To properly determine it requires the ascertainment of what purpose the statute intends to be served by this provision.   The Act of June 4, 1901, P. L. 364, 367, provides in its tenth section "and other municipal claims must be filed in said court, within six months from the time the work was done in front of the particular property, where the charge against the property is assessed or made at the time the work is authorized; within six months after the completion of the improvement, where the assessment is made by the municipality upon all the properties after the completion of the improvement; and within six months after confirmation by the court where confirmation is required."

To enable all persons interested to know if the lien is filed in time, the act of 1901 in its eleventh section requires the claim to set forth "the date on which the work was completed in front of the particular property against which the lien is filed; or the date of completion of the improvement where the assessment is made after completion; or the date of confirmation by the court, where confirmation is required."

The law contemplates three different kinds of claim:

1. Where the act of the municipality has reference to work in the street opposite the particular property, and charges and assesses the cost, when the work is authorized, but the claim is not complete, nor does the lien attach until the work is done.   In such case the law requires the lien to aver the date when the work was completed, and the lien must be filed within six months from that time.

2. Where the act of the municipality has reference to the general improvement of the street, and the proper proportionate part of the cost is not assessed against each particular property until the entire work is completed.   In such case the law requires the lien to aver the date of completion of the entire improvement, and the lien must be filed six months from that time.

VOL. XLVIII—28

3. Where a confirmation by the court is necessary, the law requires the lien to aver the date of confirmation by the court, and the lien must be filed within six months from that time.

This lien in effect avers that the curbstone and blocks were set on specified dates. If they were set on those dates, the work was begun and completed on those dates; and these dates furnish the time when the six months' limit for filing the lien commences.

It is true that a mechanic's or municipal lien must rest for its validity upon a strict compliance with the statutory requirements. It is equally true that upon a demurrer, it must be made to appear that the statutory requirements have been clearly omitted. Of this we are not satisfied.

In analogous cases of mechanics' claims, where there is but one date in the bill, the materials are presumed to have been furnished on that day, unless the contrary appears: Knabb's App., 10 Pa. 186; McClintock v. Ruch, 63 Pa. 203.

A lien for paving a street averred that the work was done and the materials were furnished within six months last past, and the accompanying bill or statement was dated July 2, 1891. An amendment was allowed giving the terminal dates. It was held there was enough to amend by Philadelphia v. Christman, 6 Pa. Superior Ct. 29.

The case of Freeport Boro. v. Miller's Est., 34 Pa. Superior Ct. 395, is quite different from the case before us. The case cited belongs to the second class in the above classification, while ours belongs to the first. In the case cited, it was necessary to aver the date of the completion of the improvement, which had been entirely omitted. For this and other reasons the lien was struck off, and this action was affirmed by a divided court.

Entertaining the views above expressed, the rule to strike off the lien is dismissed, and the order to stay proceedings is vacated, and the defendant is allowed twenty days to file an affidavit of defense.

On motion of defendant to strike off judgment and demurrer to sci. fa., BROOMALL, J., filed the following opinion:

The scire facias sur municipal lien in the above case was issued on April 7, 1910, under the provisions of the Act of June 4, 1901, P. L. 364. The seventeenth section of the act, P. L. 370, prescribes the form of the scire facias. The mandatory part of the sci. fa., as prescribed by the statute, is "now you are hereby notified to file your affidavit of defense to said claim, if defense you have thereto, in the office of the prothonotary of our said court within fifteen (15) days after service of this writ upon you. If no affidavit of defense be filed within said time judgment may be entered against you for the whole of the said claim, and the property described in the claim be sold to recover the amount thereof." The scire facias was returned as personally served upon the defendant on April 15, 1910. On April 28, 1910, at the instance of the defendant, a rule was granted on the plaintiff to show cause why the writ of scire facias should not be quashed and set aside and the lien claim struck off, all proceedings to stay in the meanwhile. On September 20, 1910, the rule to strike off the lien was dismissed and the order staying proceedings vacated, and the defendant was allowed twenty days to file an affidavit of defense. On September 27, 1910, the defendant filed a demurrer. On October 11, 1910, the plaintiff entered judgment against the defendant for want of an affidavit of defense. On October 17, 1910, the defendant entered a rule to show cause why this judgment should not be struck off. The demurrer reasserts the same criticisms against the claim which have already been passed upon by the court in the opinion filed on September 20, 1910.

The whole matter now comes before the court for the purpose of determining, first, the defendant's motion to strike off the judgment, and second, the defendant's demurrer.

We are of opinion that the judgment was improvidently

entered by the prothonotary. True, the defendant could not deprive the plaintiff of the right to a judgment for want of an affidavit of defense by filing a demurrer: Taggart v. Fox, 1 Grant, 190. But the plaintiff should have done what was done in the case cited, moved the court to set aside the demurrer. By the demurrer the defendant proffered to the plaintiff an issue, and the plaintiff was thereupon called to do one of two things, either join the issue thus proffered or to apply to the court to set aside the proffer for irregularity. As the case now stands there is a judgment in the face of a tender of issue undisposed of. We are therefore of opinion that the judgment will have to be vacated or set aside.

As to the defendant's demurrer, the case has been argued before the court, as though the plaintiff had joined issue upon it. The demurrer raises the same questions which were advanced upon the motion to strike off the lien. They have been fully considered in the opinion filed September 20, 1910.

The defendant contends that it was necessary to preserve her rights that these matters should have been passed upon on a demurrer filed, and that by filing an affidavit of defense she would be impliedly waiving her rights to insist upon the matters set forth in the demurrer. We do not think so. The defendant's contention is that the lien is a nullity. Even after judgment rendered a structural invalidity of the lien may be asserted: Ely v. Wren, 90 Pa. 148. Where it appears that the objection to the form of the lien has been specially reserved no question of waiver can arise: Fahnestock v. Speer, 92 Pa. 146. As was said by FELL, J., "There is no conflict between these cases and St. Clair Coal Co. v. Martz, 75 Pa. 384, where it was held that, as the act of assembly gave the plaintiff no such lien as was filed, the fatal error in the claim was not waived as a merely formal defect by going to trial on the issue of payment; and Fahnestock v. Speer, 92 Pa. 146, where the special plea concluded to the court and was held to be in effect a demurrer." Hence

the defendant could have filed an affidavit of defense raising all of the matters of defense upon which she now stands in support of her demurrer.· We overrule the demurrer for the reasons set forth in the opinion filed September 20, 1910.

It is therefore ordered that the judgment entered in this case be vacated and set aside and the defendant's demurrer overruled. This leaves the plaintiff at liberty to enter judgment for want of an affidavit of defense under the order of court of September 20, 1910.

*Errors assigned* were in overruling the demurrer, and in discharging rule to strike off lien, and in allowing judgment to be entered ·for want of an affidavit of defense.

*Charles L. Smyth,* with him *V. Gilpin Robinson,* for · appellant.

*W. Roger Fronefield,* for appellee.

PER CURIAM, December 11, 1911:

After the scire facias was issued the court, on defendant's petition, granted a rule to show cause why the municipal claim should not be struck off, and after argument discharged the rule, at the same time (September 20, 1910) allowing defendant twenty days within which to file an affidavit of defense. Instead of doing so, the defendant filed a demurrer raising the same objections against the claim that were alleged as the basis for the rule to strike off the claim and were disposed of in the opinion and order discharging that rule. While the demurrer was pending, the plaintiff caused judgment to be entered for want of an affidavit of defense. Upon subsequent application of the defendant a rule was granted to show cause why this judgment should not be struck off. After argument of this rule and the demurrer, the court vacated and set aside the judgment as improvidently entered and overruled the demurrer. In connection with

this order the court said: "This leaves the plaintiff at liberty to enter judgment for want of an affidavit of defense under the order of court of September 20, 1910." Two days later the plaintiff entered judgment for want of an affidavit of defense. Thereupon, the defendant took this appeal and has assigned for error, first, discharging the rule to strike off the lien; second, overruling the defendant's demurrer; third, allowing judgment to be entered for want of an affidavit of defense.

We discover no irregularity in these proceedings of which the defendant can justly complain. She was afforded two opportunities, and availed herself of them, to attack the sufficiency of the claim, first, by motion to strike off, and second, by demurrer. Both of these having been overruled, she was not entitled, as matter of right, to have the time for filing an affidavit of defense further extended; nor does it appear that she made any application to have it extended or desired to defend the claim on the merits. When the original judgment was struck off, the case was in the same situation as when it was entered, and when the demurrer was overruled, nothing stood in the way of judgment if the claim was sufficient.

The particular clause of sec. 11 of the Act of June 4, 1901, P. L. 364, which it is contended was not complied with, is that which requires the claim to set forth (a) the date on which the work was completed in front of the particular property against which the claim is filed; (b) or the date of the completion of the improvement, where the assessment is made after completion; (c) or the date of confirmation by the court, where confirmation is required. This clause must be read in connection with clause of sec. 10 which provides that the claim must be filed (a) within six months from the time the work was done in front of the particular property where the charge against the property is assessed or made at the time the work was authorized; (b) within six months after the completion of the improvement, where assessment is made by the municipality upon all the properties after the completion of

the improvement; (c) and within six months after confirmation by the court, where confirmation is required. The clause of sec. 10 which we have designated as (a), and the clause of sec. 11 which we have designated in the same way, evidently relate to the same subject-matter and are the clauses applicable to the class of claims to which the claim in question belongs—that is, to claims for work "done" in front of the particular property. This is very satisfactorily shown in the opinion of the learned judge discharging the rule to strike off the lien. Adopting these premises, which we think unassailable, the learned judge, upon a view of the averments of the claim, and of the bill and statement made part of them, reached the conclusion that though the word "completion" does not appear, yet the claim does set forth with certainty to a common intent that the work was done and completed on the dates specified. After full consideration of the argument of appellant's counsel in favor of a stricter view, we concur with the learned judge below in his conclusion and do not deem it necessary for us to add anything further to what he has said.

The assignments of error are overruled, and the judgment is affirmed.